```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION
```

JOHN RICHARD               )
KOCHOPOLOUS,               )
                           )
Petitioner,                )
                           )
vs.                        )    CAUSE NO. 2:14-CV-272
                           )
SUPERINTENDENT,            )
                           )
Respondent.                )

### OPINION AND ORDER

This matter is before the Court on the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Petitioner, John Richard Kochopolous, a *pro se* prisoner, on October 22, 2014. (DE #6.)  For the reasons set forth below, the petition (DE #6) is **DISMISSED WITH PREJUDICE** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and the petitioner is **DENIED** a certificate of appealability.

BACKGROUND

Kochopolous is serving a 12-year sentence for a operating a vehicle with a lifetime suspension and while intoxicated, both committed in Lake County, Indiana.  *State v. Kochopolous*, Nos. 45G04-1169-FC-00002 and 45G04-0903-FC-30. In deciding the petition, the court must presume the facts set forth by the state courts are correct.  28 U.S.C. § 2254(e)(1).  It is Kochopolous's burden to

rebut this presumption with clear and convincing evidence. *Id*. On direct appeal, the Indiana Court of Appeals summarized the facts underlying Kochopolous's offenses as follows:

> On January 7, 2009, the State charged Kochopolous in Lake County with Operating a Vehicle After Lifetime Suspension, a Class C felony, and Operating a Vehicle While Displaying an Incorrect Registration Number, a traffic infraction, under cause number 45G04-0901-FC-2. On March 6, 2009, the State charged Kochopolous with Operating a Vehicle After Lifetime Suspension, Operating a Vehicle While Intoxicated, as a Class A misdemeanor, and Operating a Vehicle While Intoxicated, as a Class C misdemeanor under cause number 45G04-0903-FC-30.
>
> On September 4, 2009, Kochopolous pled guilty to the charges in both causes without the benefit of a plea agreement. When questioned by the trial court as to Kochopolous's decision to plead guilty, his attorney stated he had spoken with Kochopolous at length about the risks of going to trial versus pleading guilty and that the result of the conversation was Kochopolous's decision to plead guilty. The trial court asked numerous questions to verify that the pleas were being entered freely and voluntarily and then reviewed the rights being given up with Kochopolous, ending with: "Sir, you are convicting yourself by pleading guilty. Do you understand that?" Hearing transcript at 21. Kochopolous answered affirmatively. The trial court then took the pleas under advisement.
>
> On September 17 and 30, 2009, letters were received by the Lake County Superior Court Clerk's Office from Kochopolous contending that he had been forced by his defense attorney to plead guilty to the charges, that he was innocent and that he wished to withdraw his guilty pleas. At the sentencing hearing on October 1, 2009, the trial court heard argument regarding Kochopolous's *pro se* request to withdraw his guilty pleas. The trial court asked Kochopolous if he remembered the guilty plea hearing and the long discussion of the implications of pleading guilty. He answered that he did not remember because he had a poor memory due to a prior motorcycle accident that put him in a coma for forty-five days. When the trial court asked why he thought he could beat

> the charges against him, Kochopolous explained in detail what he perceived to be the weaknesses of his case. The trial court responded: "Well, how do you remember that if you got a bad memory?" Tr. at 39. Kochopolous replied, "Because I got—maybe I should just shut up." *Id.* The trial court denied the motion, accepted the guilty pleas, entered judgment in both cases and imposed an aggregate sentence of twelve years.

*Kochopolous v. State*, Cause Number 45A05-0911-CR-634, slip op. 2-3 (Ind. Ct. App. June 7, 2010) (Attached as Ex. G.)

Kochopolous appealed, claiming the trial judge erred by denying his motion to withdraw his guilty pleas. (*Id.* at 2.) On June 7, 2010, the Indiana Court of Appeals affirmed the trial court. (*Id.* at 4.) Kochopolous did not seek review in the Indiana Supreme Court. (DE #13-3.) On October 21, 2010, Kochopolous filed a petition for post-conviction relief, which was denied on November 7, 2012. (DE ##13-1, 13-2, 13-8, 13-9.)

On October 16, 2014, Kochopolous tendered his petition to prison officials for mailing. (DE #6 at 5.) In it, Kochopolous seeks a new trial claiming that he was "railroaded by the Lake County Superior Criminal Court" because they "tried him" when he wanted a change of venue and that his attorney did not effectively represent him because the evidence was insufficient to establish that he was driving or operating the vehicle. (*Id.* at 2-4.)

DISCUSSION

Kochopolous's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

*See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under 28 U.S.C. § 2244(d), habeas petitions are subject to a strict one-year statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Upon review, none of Kochopolous's claims implicate newly discovered evidence or a newly recognized constitutional right, nor does he claim that a state-created impediment prevented him from filing his federal petition on time. (*See* DE #6 at 6.) Therefore, 28 U.S.C. § 2244(d)(1)(A) applies. Under that provision, Kochopolous had one year from the date his convictions became final to pursue federal habeas relief. As stated above, Kochopolous's convictions were affirmed by the Indiana Court of Appeals on June 7, 2010, and he did not seek review in the Indiana Supreme Court.

4

Therefore, his convictions became final on July 7, 2010, when the time for seeking review in the Indiana Supreme Court expired. *See* IND. APP. R. 57(C)(1) (petition to transfer must be filed within 30 days of appellate court judgment); *Gonzalez v. Thayer*, 132 S. Ct. 641, 653-54 (U.S. 2012) (when a state prisoner does not seek direct review in the state court of last resort, his conviction becomes final when the time for seeking such review expires).

A properly filed application for state post-conviction relief will toll the limitations period under 28 U.S.C. § 2244(d)(2). Kochopolous filed a post-conviction petition challenging both convictions on September 21, 2010. (DE ##13-1, 13-2, 13-8, 13-9.) At that time, 76 days had expired of the statute of limitations period. Kochopolous withdrew his post-conviction petition on February 23, 2011, and the trial court "reactivated" it on September 7, 2011. (DE ##13-8, 13-9.) During that period of time Kochopolous did not have a petition filed or claims pending, 196 days expired of the statute of limitations period for a total of 272 days. The trial court then denied Kochopolous post-conviction relief on November 7, 2012, but Kochopolous did not seek review by any appellate court. (DE #13-8, 13-9.) The statute of limitations period began to run again at that time. Kochopolous had an additional 93 days, or until February 11, 2013, to file his federal habeas petition. Kochopolous did not file a petition before that

deadline, and instead he waited until October 2014 to seek federal habeas relief.

When asked to explain why his petition is timely under the provisions of 28 U.S.C. § 2244(d), Kochopolous failed to provide any explanation. (DE #1 at 5.) He fails to acknowledge that he did not seek federal habeas relief within one year of the date his convictions became final. In fact, while the Respondent has provided evidence and argument as to why Kochopolous's petition is untimely, Kochopolous has failed to file a traverse or otherwise challenged the respondent's position. He does not provide any grounds for excusing the untimeliness of the petition. Accordingly, the petition must be dismissed.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted).

When the court has dismissed the petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484-85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* Each is a threshold inquiry; thus, the court need only address one component if it will resolve the issue. *Id.* at 485. For the reasons fully explained above, Kochopolous's petition was not timely filed. Nothing before the court suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage Kochopolous to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

CONCLUSION

For the reasons set forth above, the petition (DE #6) is **DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and the petitioner is **DENIED** a certificate of appealability.

**DATED: October 6, 2015**          /s/ RUDY LOZANO, Judge
                                    United States District Court